IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD McGREW | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-08-CV-064-BD |
| | § | |
| MORGAN C. FRAZIER, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants Morgan Frazier, Robert Wainscott, and Dee Peevey have filed a motion for summary judgment in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. In his complaint, plaintiff alleges that Frazier, a correctional officer at the James V. Allred Unit of the TDCJ-CID, used excessive force against him by striking his arm with a metal object and by kicking the tray slot door of his prison cell, which caused further injury to plaintiff's arm and shoulder. (*See* Plf. Compl., Attch. at 1). Plaintiff accuses Wainscott of failing to prevent the assault and throwing unidentified objects at him, (*see id.*, Attch. at 1), and blames Peevey for not providing him with prompt medical treatment for his injuries and for not taking disciplinary action against Frazier and Wainscott. (*See id.*, Attch. at 1-2). Defendants now move for summary judgment on their qualified immunity defense.[1] Plaintiff has filed a written response to the motion, but has not submitted any summary judgment evidence. The issues have been briefed by the parties, and the motion is ripe for determination.

---

[1] Defendants also seek summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies and sustained only a *de minimis* injury. Because plaintiff has failed to overcome the defense of qualified immunity, the court need not address these alternative grounds for dismissal.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where, as here, a defendant pleads the affirmative defense of qualified immunity and seeks summary judgment on that ground, "the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), *quoting Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). A plaintiff may satisfy this burden by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e).[2] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). However, an unverified complaint does not constitute competent summary judgment evidence. *Id.*

All defendants have pled the defense of qualified immunity in their original answer. It is therefore incumbent on plaintiff to negate this defense by identifying genuine issues of material fact in the record regarding the reasonableness of defendants' conduct in light of clearly established law. Plaintiff has presented no summary judgment evidence in an attempt to meet this burden. Nor can

---

[2] Rule 56(e) provides, in pertinent part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.

FED. R. CIV. P. 56(e)(1).

the court consider the allegations in plaintiff's *pro se* complaint and summary judgment response, neither of which are sworn pleadings. In view of this failure of proof, the court is constrained to conclude that there is no genuine issue of material fact suggesting either that defendants violated a clearly established constitutional right, or that their actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *See Brumfield*, 551 F.3d at 326; *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds*, 70 F.3d 26 (5th Cir. 1995) (in the absence of proof, court may not assume that the nonmoving party could or would prove the necessary facts to defeat summary judgment). Defendants are therefore entitled to summary judgment on their qualified immunity defense.

## CONCLUSION

Defendants' motion for summary judgment [Doc. #24] is granted. The court will dismiss this action with prejudice by final judgment filed today.

SO ORDERED.

DATED: November 23, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE